DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| THE BANK OF NOVA SCOTIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2017-41 |
| | ) | |
| DONALD A. DAVIS, CO-TRUSTEE OF THE DONALD DAVIS TRUST AND THE JUTTA U. DAVIS TRUST DATED OCTOBER 24, 2004; JUTTA U. DAVIS, CO-TRUSTEE OF THE DONALD A. DAVIS TRUST AND THE JUTTA U. DAVIS TRUST DATED OCTOBER 24, 2004; GORDON ACKLEY; JENNIFER ACKLEY; UNITED STATES OF AMERICA (INTERNAL REVENUE SERVICE); DONALD A. DAVIS; JUTTA U. DAVIS, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**APPEARANCES:**

**Matthew Reinhardt**
Quintairos, Prieto, Wood & Boyer, P.A.
St. Thomas, U.S.V.I.
    *For The Bank of Nova Scotia,*

**Gretchen Shappert, United States Attorney**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States of America (Internal Revenue Service).*

**JUDGMENT**

**GÓMEZ, J.**

Before the Court is the motion of The Bank of Nova Scotia for attorney's fees and costs.

## I. FACTUAL AND PROCEDURAL HISTORY

Donald A. Davis and Jutta U. Davis, as individuals and co-trustees of the Donald A. Davis Trust and the Jutta U. Davis Trust (collectively, the "Davises") were the record owners of property (the "Property"). On or about May 19, 2010, the Davises borrowed $1,000,000 from The Bank of Nova Scotia ("BNS"). On May 19, 2008, the Davises executed and delivered a promissory note (the "First Note") to BNS in which they promised to pay BNS the principal sum of $1,000,000, plus interest. On May 19, 2008, the Davises delivered to BNS a real estate mortgage (the "First Mortgage") encumbering the Property and securing the First Note. The First Mortgage is attached to the Property.

On May 19, 2010, BNS extended to the Davises a personal line of credit (the "Line of Credit") in the amount of $115,000. On May 19, 2010, the Davises delivered to BNS a real estate mortgage (the "Second Mortgage") encumbering the Property and securing the Line of Credit. The Second Mortgage is attached to the Property.

On or about January 28, 2011, the Davises borrowed $200,000 from BNS. On January 28, 2011, the Davises executed and delivered a promissory note (the "Second Note") to BNS in which they promised to pay BNS the principal sum of $200,000 plus interest. On January 28, 2011, the Davises delivered to BNS a real estate mortgage (the "Third Mortgage") encumbering the Property and securing $92,000 of the Davises' obligation under the Second Note. The Third Mortgage is attached to the Property.

On or about June 1, 2015, the Davises failed to pay an installment on the First Note when it became due. The Davises have failed to pay all subsequent payments. On August 6, 2015, BNS gave the Davises written notice of the default on the First Note and demanded payment. The Davises never cured their default or made the required payment of principal and interest as required by the First Note and First Mortgage. As a result, BNS accelerated the payment on the First Note.

On December 1, 2017, the Davises failed to pay a minimum installment on the Line of Credit. The Davises have failed to pay all subsequent payments. On January 17, 2017, BNS gave the Davises written notice of the default on the Line of Credit. The Davises never cured their default or paid the balance on the Line of Credit as required by the Line of Credit and Second Mortgage.

On December 1, 2017, the Davises failed to pay the remaining principal and interest on the Second Note when it became due. The Davises never cured their default or made the required payment of principal and interest as required by the Second Note and Third Mortgage.

BNS initiated this action against the Davises to enforce the terms and conditions of the First Note and First Mortgage, the Line of Credit and Second Mortgage, and the Second Note and Third Mortgage. Joined in the action were the United States Department of Treasury, Internal Revenue Service ("IRS"), which held a tax lien in the amount of $23,014.32 on the Property and Jennifer Ackley and Gordon Ackley (collectively, the "Ackleys"), who held a judgment lien in the amount of $745,682.69 on the Property.

The Davises and Ackleys did not file answers to BNS's complaint. On June 7, 2018, the Clerk of Court entered default against the Davises and the Ackleys.

On July 2, 2018, BNS filed a motion seeking default judgment against the Davises and Ackleys and summary judgment against the IRS. On September 11, 2018, the Court granted BNS's motion.

On September 25, 2018, BNS moved for attorney's fees and costs. BNS requests an award of $10,739.50 in attorney's fees

and $3,427 in costs. The Court referred BNS's motion for attorney's fees and costs to the Magistrate Judge for a report and recommendation.

On September 13, 2019, the Magistrate filed a report and recommendation recommending that the Court award BNS $6,740 in attorney's fees and $2,766 in costs. On September 27, 2019, BNS filed an objection to the Magistrate's report and recommendation. BNS takes issue with the three of the Magistrate's recommendations:

First, BNS requested fees in the amount of $1,575 for what it described as "flat rate billing milestones," which included a fee for "referral received," "complaint filed," "service completed," and "judgment entered." See ECF No. 60, Exh. 4 at ¶ 8. BNS explained that these fees accounted for several tasks, and that as a general rule,

> [i]n an uncontested foreclosure action, our firm will perform, at minimum the following legal services: (1) Review of all loan documents, letters, prepare demand letter; (2) Examine title work, determine necessary parties to the action; (3) Prepare and review the complaint, summons, civil cover sheet, value claim form and lis pendens; (4) Perform diligent search and inquiry in attempt to ascertain the whereabouts of the Defendants and whether or not they are in active military service, including if applicable, alias summons and publication; (5) Review returns of service; (6) Prepare and file Motions for Default where appropriate; (7) Prepare and file Motion for Summary Judgment and Affidavits in Support of Judgment; (8) Preparation for and attendance at hearing on Motion

>       for Summary Judgment where appropriate; (9)
>       Preparation of Certificate of Sale, Certificate of
>       Title and Certificate of Disbursements where
>       appropriate.

*Id.* The Magistrate Judge found this description lacking, explaining that "BNS could and should have made an effort to describe the work for which it seeks a fee award." *See* ECF No. 62 at 6. The Magistrate recommended awarding BNS $1,000 of the $1,575 in fees requested for "flat rate billing milestones." *See id.*

Second, the Magistrate Judge found that "the time billed for certain tasks is excessive." *See id.* at 5. Specifically, "BNS seeks several amounts for services on November 1, 2017: 0.3 hours to read a text order, 0.3 hours to review a one-page motion by the IRS to appear by telephone, and 0.2 hours to review the text order granting the IRS's motion." *Id.* The Magistrate recommended reducing each of these time entries to .1 hours.

Third, " BNS seeks compensation for three hours on November 2, 2017 to attend an eight minute status conference, . . . 0.3 hours to review a one paragraph order and a text order on November 9, 2017," and "1.50 hours in fees to prepare for and attend a 10- minute conference on May 29, 2018." *Id.* The Magistrate recommended reducing these time entries by half.

## II. **DISCUSSION**

Federal Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* When no objection to a magistrate's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed. App'x 125 (3d Cir. 2008)(explaining that, by failing to object to a

portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error' ").

### III. ANALYSIS

BNS raised three objections to the Magistrate's report and recommendation. Accordingly, the Court will review those portions of the report and recommendation *de novo.*

First, the Magistrate recommended reducing the award of fees for the BNS's "billing milestones" because BNS had failed to provide an adequate description of the tasks BNS actually performed to earn these fees. BNS points to the declaration of counsel filed in support of its motion for attorney's fees and argues that this declaration described in sufficient detail the work that comprises the milestone tasks.

The Court agrees with the Magistrate. Rather than describe the tasks BNS *actually did* in this case, the declaration described 9 categories of tasks *generally done* in similar cases such as "Examine title work, determine necessary parties to the action" and "Prepare and file Motions for Default where appropriate." *See* ECF No. 60, Exh. 4 at ¶ 8. This generalized description of work accounted for $1,575 in fees.

*The Bank of Nova Scotia v. Davis, et al.*
Civ. No. 2017-41
Judgment
Page 9

If the fee petition is not sufficiently specific, then the Court cannot "determine if the hours claimed are unreasonable for the work performed." *Washington v. Philadelphia Cnty. Court of Common Pleas*, 89 F.3d 1031, 1037 (3d Cir. 1996). For this reason, the lumping of activities in this way is disfavored. *See Good Timez, Inc.*, 754 F. Supp. at 463 n.6.

Second, BNS objects to the Magistrate's recommendation that the Court award .3 of an hour for BNS's work related to the Magistrate's order scheduling a status conference, the IRS's motion to appear at that conference by telephone, and the Magistrate's order granting that motion. BNS argues that the .8 hours it requested for these tasks was reasonable because "receipt and review of an order or docket entry requires reading and reviewing the document, making any necessary adjustments to case strategy, properly documenting and notating the case file, and calendaring any and all deadlines or items for completion." *See* ECF No. 63 at 3. The Court believes .3 of an hour is sufficient time to complete those tasks as they relate to an unremarkable order scheduling a status conference and a party's request to appear at that conference by telephone.

Finally, BNS objects to the Magistrate's recommendation that the Court reduce by half the (1) 3 hours of fees sought to attend an eight-minute status conference; (2) .3 of an hour in

fees to review two short orders; and (3) 1.5 hours in fees to prepare for and attend a 10-minutes status conference. BNS argues that this was a relatively complicated debt and foreclosure case and that all of the requested time was necessary "to be prepared to discuss all potential issues involving the multiple liens, the removal, any service of process issues, and intentions for moving forward with the case." *See id.* at 4. The Court agrees that BNS needed some time to prepare for these conferences. At the same time, the Court agrees with the Magistrate that the nearly five hours in fees requested is excessive and should be reduced.

Having reviewed the remainder of the report and recommendation for clear error, the Court agrees with the Magistrate's remaining recommendations with respect to attorney's fees and costs.

The premises considered, it is hereby

**ORDERED** that the Report and Recommendation docketed at ECF Number 62 is **ADOPTED**; it is further

**ORDERED** that BNS's motion for attorney's fees and costs docketed at ECF Number 60 is **GRANTED** in part; it is further

**ORDERED** that Donald A. Davis and Jutta U. Davis shall be liable to The Bank of Nova Scotia for attorney's fees in the amount of $6,740; and it is further

**ORDERED** that Donald A. Davis and Jutta U. Davis shall be liable to The Bank of Nova Scotia for costs in the amount of $2,766.

S\_____
**Curtis V. Gómez
District Judge**